JAMES MARCH,

        Plaintiff,

        v.                                      Case No. 23-C-656

TOWN OF GRAND CHUTE, RONALD WOLFF,
JASON VAN EPEREN, and JEFFREY INGS,

        Defendants.

## ORDER ON MOTION TO EXTEND TIME TO RESPOND TO AMENDED MOTION FOR SUMMARY JUDGMENT

        Plaintiff James March, the former Administrator for the Town of Grand Chute, filed this action under 42 U.S.C. § 1983 alleging that the town and three members of its Board of Supervisors violated his rights under the First Amendment when they terminated his position in retaliation for his speaking with and cooperating with a law enforcement agency investigating the individual defendants. March also claimed that the termination was in violation of his due process rights under the Fourth (perhaps a clerical error) and Fourteenth Amendment. Am. Compl. ¶ 33.

        Defendant Ronald Wolff, one of the town supervisors named by March, filed a motion for summary judgment under the court's "fast track summary judgment procedure," asserting that, because March occupied a policy-making or confidential role, March did not have First Amendment protection under *Branti. v. Finkel*, 445 U.S. 507 (1980). Alternatively, Wolff argued that March's speech was not protected under *Garcetti v. Ceballos*, 547 U.S. 410 (2006), because it was made as part of his official duties. Wolff also argued that March could not prove any damages because after-acquired-evidence established that he would have been discharged in any

event and that Wolff was immune from liability for any damages he did sustain. Finally, Wolff argued that March's due process claim failed because he had no expectation of continued employment.

In response to Wolff's original motion, March filed a motion for an extension of time to respond, noting that because of criminal charges Wolff was facing, little discovery had occurred. Wolff opposed March's request, arguing that the facts upon which his motion was based were undisputed and delay would unnecessarily increase the costs of defense. Noting that the issues raised in his motion were not amenable to a streamlined procedure, the court instructed the parties to consult with one another and attempt to reach agreement on a discovery plan. In the meantime, Wolff filed an amended motion for summary judgment in which he asserts essentially the same grounds supported by a substantially shorter brief.

Having reviewed Wolff's submissions, the court is satisfied that at least March's claim that after-acquired-evidence establishes he has not sustained any damages cannot be resolved without the substantial discovery March claims is needed. Even the claim that March is not entitled to First Amendment protection under *Branti* is not as simple as Wolff suggests. *Branti* only states that certain government employees who hold policy-making positions may be lawfully terminated because their positions vary from those who they are required to serve. 445 U.S. at 518. But March claims he was fired in retaliation for speaking with law enforcement officers in connection with a criminal investigation, not because he holds different political views. None of the cases Wolff cites address this situation.

Rather than address the issues piecemeal, and in order to provide March a full opportunity to complete the discovery needed to address each of Wolff's arguments, the court will allow March sixty days to complete the discovery he needs to respond and an additional thirty days to file his

2

response to Wolff's motion. Accordingly, March's response to Wolff's amended motion for summary judgment shall be filed on or before June 17, 2024. Wolff's reply shall be due July 2, 2024.

**SO ORDERED** At Green Bay, Wisconsin this 18th day of March, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge